KOLLMAN v. BROOKS et al.

(Court of Civil Appeals of Texas. Austin. March 12, 1913. Rehearing Denied April 9, 1913.)

BROKERS (§ 64*) — COMPENSATION — WHEN EARNED.

A broker, employed to procure a purchaser of real estate under an agreement that in the event of the failure of the purchaser to take the land no compensation shall be paid, may not recover compensation where the purchaser procured by him refused to perform the contract and the owner accepted the sum specified in the contract of sale as liquidated damages and relieved the purchaser from liability.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 67, 97; Dec. Dig. § 64.*]

Appeal from Williamson County Court; Richard Critz, Judge.

Action by Will Kollman against M. E. Brooks and another. From a judgment for defendants, plaintiff appeals. Affirmed.

W. A. Barlow, of Taylor, for appellant. W. H. Tarkington, of Taylor, and Nunn & Love, of Georgetown, for appellees.

KEY, C. J. This is a suit for compensation, alleged to be due from appellees to appellant for services rendered as a broker in the sale of a tract of land. The county court rendered judgment for the defendants, and the plaintiff has appealed.

The judge filed findings of fact which are supported by testimony, and adopted by this court. The facts show that appellant procured two prospective purchasers, who entered into a written contract with appellees in reference to the purchase of the land. The contract contains a stipulation by which the proposed purchasers obligated themselves to pay appellees the sum of $500 as liquidated damages, should they fail and refuse to take the land in accordance with the terms of the contract. They did so fail and refuse, and, after repeated efforts on the part of appellees to induce them to comply with the contract and take the land, appellees accepted from them the sum of $500 as damages, and thereby released them from their obligation to take the land. The findings of fact show, in effect, that before the written contract for the sale of the land was entered into, it was agreed and understood between appellant and appellees that, in the event of the purchasers' failure or refusal to comply with the contract and take the land, appellant was to receive no compensation. The trial court found, in effect, that appellant had rendered all the service necessary to entitle him to recover, with the exception that he had not procured purchasers who were willing or bound to take the land. Counsel for appellant contends that notwithstanding the stipulation binding the purchasers to pay $500, as liquidated damages for a failure to comply with the contract, appellees had the right to waive any claim for damages, maintain a suit for specific performance, and compel the purchasers to take the land. We find it unnecessary to decide that point, because we sustain the ruling of the trial court upon the other point. The facts found by the trial court show that it was understood and agreed that appellant was to receive no compensation unless the contract of purchase was voluntarily complied with. Appellant contends that proof of the latter agreement was not admissible, because there was no pleading to authorize such proof. The case originated in a justice of the peace court, where pleadings may be oral, and it does not appear that such plea was not interposed. Besides, much less strictness and particularity is required as to pleadings in justice of the peace courts. In fact, the record indicates that the defendant's answer included that plea.

No reversible error has been pointed out, and the judgment is affirmed.

Affirmed.